BENJAMIN COZZENS *v.* ELIJAH WHITNEY ET UX.

A married woman holding separate property under "an act concerning the property of married women" is not to be viewed, as respects such property, as a *feme sole.*

A solicitor who has, at the request of a married woman, performed services and expended monies in prosecuting a suit in equity relating to her separate leasehold property, cannot sustain a suit in equity to obtain compensation and reimbursement out of that property.

The "act concerning the property of married women" and "an act in addition to an act entitled 'an act concerning partition and estates holden in common and in joint tenancy,'" quoted and expounded.

DEMURRER to a Bill in Equity. The case is fully stated in the opinion of the Court.

*Eames* for the defendant.—A married woman cannot bind her separate estate, nor can her creditors reach it, under her contracts or otherwise, unless by virtue of some statute, or the provisions of the deed or other instrument under which the property is held. *Trustees of M. E. Church* v. *Jaques,* (3 John Ch. 77.) *Reid* v. *Lamar,* (1 Strobh. 27.) 1 Wh. & Tud. Lead. Case in Eq. 370, *et seq.* The estate here sought to be charged is held under the statute (Dig. 1844, p. 270,) which restricts the husband's powers, rather than enlarges the wife's, and prescribes the only mode by which a married woman can aliene or encumber her estate. *Metcalf* v. *Cook,* (2 R. I. 355.) 23 Mississ. 264.

Benjamin Cozzens *v.* Elijah Whitney et ux.

*Cozzens* for self.—For service rendered or advances made at the request of a married woman, upon, or in reference to her separate estate, that estate is chargable, if thereby it was benefitted. *Murray* v. *Bailee*, (4 Sim. 82 and 3 M. & K. 209.) *North Am. Coal Co.* v. *Dyott*, (7 Paige, 14.) *Cumming & Pollock* v. *Williamson et al.* (1 Sandf. Ch. 17.) *Gardner* v. *Gardner*, (7 Paige, 112.) *Curtis* v. *Engell*, (2 Sandf. 289.) *Noyes* v. *Blakeman et al.* (3 Sandf. 531.) 1 Wh. & Tud. Lead. Cas. 372; Adams' Eq. 159; 2 Story's Eq. sections 1397, 1400, 1401 (and notes). The "act concerning the property of married women," recognizes a woman as a *feme sole* as respects her separate property, (Dig. 1844, p. 270.) By express statute provision, the costs in a partition suit may be paid out of the estate partitioned, (P. L. p. 804, sec. 4.)

BOSWORTH, J. This case arises under a Bill in Equity filed by Benjamin Cozzens, a Counsellor at Law in this Court, in which, setting forth that the said Wealthy Whitney, wife of said Elijah Whitney, was seized and possessed as her sole property, under the provisions of the "act concerning the property of married women," of an indefinite and undivided portion of a certain lease of a lot of land in said Providence, and of a dwelling house and other buildings thereon, in common with Nathan Weaver and wife; and that being desirous of ascertaining the extent of her title in said lot and buildings and of making partition thereof, the said Wealthy retained the complainant, in his capacity of solicitor in chancery, to institute and prosecute the necessary proceedings against the said Weaver and wife for the ascertainment of said title and the partition of said estate. The

complainant alleges that he was retained for the performance of said services by the said Wealthy, and that she promised to pay him for his services and disbursements by means of the said estate; and that the services which he has performed, and the disbursements which he has made, for which he claims the sum of two hundred and seventy-seven dollars and twenty-nine cents, were performed and incurred upon the faith and credit of the said estate and of the said Wealthy's share therein. And he charges that his said claim for services and disbursements are a lien and charge upon said estate, as will upon the general principles of equity as of the statutes of the State upon the subject of partition, and prays for a decree accordingly, and for an execution or an order of sale to reimburse him out of the estate.

The respondent demurs to the bill; and the question is, whether, upon the facts as stated, the plaintiff has a lien upon the estate. We think there is no claim for these expenses and services under the statute of the State on the subject of partition. The statute relied on by the complainant in his argument (P. L. p. 774.) provides that "in all suits for partition, either at law or in equity, the costs of partition, in such proportion as the Court trying the same shall adjudge to be paid by any party or parties to the suit, shall be a lien upon the interest of any party or parties; in the several shares to him or them assigned"; and in addition to the mode of recovery now used, may be recovered by sale of said several shares upon execution, to be issued in favor of the party or parties who may by payment of said costs be entitled to recover the same. "And the Courts are hereby authorized and directed to conform their executions, so as to carry into effect the provisions of this act."—

This statute plainly provides a remedy for the recovery of costs by the parties in the partition suit, and can apply to no other costs, than such as the Court trying the same shall adjudge to be paid by any party or parties to the suit; and this remedy is to be enforced by execution issued by the Court upon the decree in the partition suit. The provisions of this statute cannot be made to apply to the charges or expenses of the solicitor, which are not embraced in the judgment of the Court.

Neither do we see how, upon the general principles of equity, there can be a lien on the property for the payment of the claim of the complainant. Under the provisions of the act concerning the property of married women, certain kinds of property, therein mentioned, which may belong to a married woman, are so far secured to her sole and separate use, that the same and the rents, profits and income thereof, shall not be liable to be attached, or in any way taken for the debts of the husband, either before or after his death: and upon the death of the husband, in the life-time of the wife, shall be and remain her sole and separate property. The wife cannot alienate such property without her husband joining with her in the conveyance; and the husband may take the rents and profits of such property, and his receipt shall be sufficient discharge therefor, unless previous notice shall be given by the wife to the lessee, debtor or incorporated company from whom such rents or profits are payable. The wife, therefore, has a qualified interest in such property: she cannot alienate the property as a *feme sole:* unless she chooses to forbid payment of rents or income to the husband, she may have no share in the profits of the estate under her control. At common law she cannot make a valid contract,

Benjamin Cozzens *v.* Elijah Whitney et ux.

and we are of opinion that she cannot separately bind the estate which she cannot separately convey. At common law she would have no present interest in the estate during the life-time of the husband; and under the act concerning the property of married women, she has no other power over the estate than is therein conferred. By the terms of the act the property is liable for her debts contracted before marriage, but the act gives to her no power to make contracts or bind the estate for contracts after marriage.

*Demurrer sustained.*